

733 Third Avenue
New York, New York 10017
212.867.6000
Fax 212.551.8484
www.rosenbergestis.com

Andrew R. Gottesman
+1 (212) 551-8405
agottesman@rosenbergestis.com

August 21, 2025

**BY ECF AND EMAIL**

Hon. Elizabeth S. Stong
U.S. Bankruptcy Court, EDNY
Conrad B. Duberstein Courthouse
271-C Cadman Plaza East - Suite 1595
Brooklyn, NY  11201-1800

        Re:    Case No. 25-41684-ess
                *In re Empire NJ Consulting LLC, d/b/a Empire Cannabis Clubs*

To the Honorable Elizabeth S. Stong:

      As the Court is aware, Rosenberg & Estis, P.C. ("R&E") is counsel to 424 Broadway LLC, 833 Manhattan LLC, and BNN Fulton Flushing LLC (collectively, the "Landlords"). The Landlords respectfully submit this letter in reply to the Emergency Order to Show Cause [ECF No.: 40-1] (the "OSC") and Emergency Application In Support of An Order to Show Cause [ECF No.: 40-2] (the "Application," and together with the OSC, the "8.18 Filings") filed by Empire NJ Consulting LLC ("ENJC" or "Debtor") on August 18, 2025. Since the Debtor failed to follow the Local Bankruptcy Rules for the Eastern District of New York or this Court's chambers' rules regarding orders to show cause and hearing scheduling, it is unclear whether the 8.18 Filings will be heard at the upcoming August 22, 2025, hearing date. Nevertheless, the Landlords believe it is incumbent upon them to respond to the specious allegations in the 8.18 Filings and reserve all rights to file a formal response should the Court deem it necessary.[1]

      The Landlords respectfully assert the Court should deny any relief sought in the frivolous and vexatious 8.18 Filings for multiple reasons. The 8.18 Filings have no legal or factual support, can provide no cognizable relief that benefits the estate, and the totality of the circumstances here show that they were filed by the Debtor in a bad faith attempt to harm the Landlords, R&E and Marshall Renzulli. In the 8.18 Filings, the Debtor and his counsel shamefully misrepresent the facts, misconstrue the law, and defame each party without regard to the consequences.

      The facts of this case lead to an inevitable conclusion: any argument that the Debtor's principal, Mr. Elfand, suddenly "realized" that the Debtor was a party to the Leases (defined below) immediately before the evictions is too convenient for the Court to take seriously.[2]

---

[1] This letter incorporates the prior filings by the Landlord by reference.

[2] It is unclear whether the petition was validly authorized or if Mr. Elfand is the sole member of the Debtor because he neglected to file any documents required by Section 521 of the Bankruptcy Code, the Federal Rules of

**ROSENBERG & ESTIS, P.C.**
ATTORNEYS AT LAW

Hon. Elizabeth S. Stong
U.S. Bankruptcy Court, EDNY
August 21, 2025
Page 2

      While the case should unquestionably be dismissed for all the reasons previously submitted [*see* ECF No.: 25-1], the Landlords' argument is other than as misrepresented in the Application. To be clear, the Landlords' position is *not* that the stay does not apply because the cases should be dismissed, it is that factually and legally the automatic stay did not and could not have applied to Leases with the Empire Cannabis Club ("ECC") at 424 Broadway in Manhattan (the "424 Lease,") 833 Manhattan Avenue in Brooklyn (the "833 Lease"), and 446 Fulton Street in Brooklyn (the "Fulton Lease," and collectively with the 424 Lease and the 833 lease, the "Leases"). It is not only a factual impossibility that the Debtor is a party to the Leases, but the actions of the Debtor's principal show that any assertion that the automatic stay applied to the Leases is a falsehood, knowingly made to further delay and harm the Landlords. The 8.18 Filings are just the latest in the protracted line of delay tactics employed by the Debtor's principal to harm the Landlords following his business being closed for violating the New York Cannabis Law.

      It is a factual impossibility that this Debtor could have been a party to any of the Leases. First, the Debtor is not a signatory or guarantor of any of the Leases. In fact, the Debtor did not exist at the time the Leases were signed [*see* ECF No.: 25-9].[3] The only guarantor of the leases is Mr. Elfand, in his personal capacity. The Leases were not assigned to the Debtor, and the Debtor has not submitted proof of any assignment. Nor does the record reflect that the Debtor had any connection to the Leases, other than what appears to be three instances of rent payments made by the Debtor to the Fulton Landlord with respect to the Fulton Lease, and which were made on behalf of Elfand Organization LLC, the named tenant.[4]

      Second, the actions of this Debtor's principal show that he deceitfully asserted that this Debtor was a party to the Leases. Mr. Elfand listed the Leases as property of the estate in the case of the Elfand Organization LLC pending before Judge Wiles in the Southern District of New York under index number 1:25-bk-10308 (the "SDNY Case").[5] Mr. Elfand similarly appeared in that case *pro se* and had unretained counsel appear to oppose the Landlords' motion to dismiss or lift

---

    Bankruptcy procedure or the Local Bankruptcy Rules for the Eastern District of New York, such as the Corporate Disclosure statement.

[3] The 424 Lease is dated as of November 14, 2022; the 833 Lease is dated as of October 2022; and the Fulton Lease is dated as of March 22, 2023. However, the Debtor was not formed or "incorporated" until September 21, 2023, according to the NJ Department of the Treasury, Division of Revenue & Enterprise Services.

[4] The Fulton Lease, which upon information and belief has not been previously submitted in this case, is annexed hereto as **Exhibit A**. Copies of the referenced checks for the Fulton Premises are annexed hereto as **Exhibit B**.

[5] The SDNY Case is the *second* bankruptcy case filed by Mr. Elfand in the Southern District. The first bankruptcy case (index number 1:24-bk-12122), before Judge Beckerman, was dismissed on the U.S. Trustee's motion for dismissal based on Mr. Elfand's *pro se* representation of the Elfand Organization LLC and his overarching failure to comply with the Bankruptcy Code, the Federal Rules of Bankruptcy procedure, and the Local Bankruptcy Rules for the Southern District of New York.

the stay to allow eviction to move forward. After Judge Wiles granted the Landlords' motion and lifted the automatic stay in the SDNY Case to allow ECC's eviction, Mr. Elfand actively participated in the State Court actions regarding those evictions. Through counsel that was separately retained for the State Court action, Mr. Elfand entered into stipulations of settlement with 833 Manhattan LLC and BNN Fulton Flushing LLC, which were so ordered by the State Court and under which ECC immediately defaulted. Only after ECC defaulted under those court ordered settlement stipulations did Mr. Elfand suddenly assert that the 833 Lease and the Fulton Lease were property of this Debtor's estate. Mr. Elfand's "realization" that the 833 Lease and the Fulton Lease were property of this Debtor's estate occurred *several weeks* after Empire Cannabis Clubs was evicted from the 424 Premises. It is defies logic to assert that the Debtor had the same "realization" about the applicability of the automatic stay on three separate occasions, each after (1) being denied further gamesmanship in the State Court, (2) asserting the Leases were property of a different estate, and (3) on the eve of eviction.

Mr. Elfand also admitted facts before this Court showing that the Debtor had no reason to be party to any of the Leases. On April 16th, Mr. Elfand testified that the Debtor was not in the retail business. Rather, he stated it is a New Jersey "consulting company." The Debtor lists its principal place of business in Manhattan, not at any of the properties that were subject of the Leases. As a New Jersey consulting company with a Manhattan address, any notion that the Debtor has a need for retail leases, let alone two (2) in Brooklyn and one (1) in Manhattan, is far-fetched.

At two (2) separate hearings, this Court said that it was unconvinced that the automatic stay applied to the Leases. That more than one company may use a d/b/a does not save the Debtor's specious argument. As stated, it is an utter fabrication to assert that this Debtor has any interest in the Leases. Furthermore, an entity using a trade name does not automatically operate to make that entity a party to a contract, even if the contract is signed by business' trade name, particularly if the entity was not in existence at the time the contract was executed. Regardless, the Leases are assets of the Elfand Organization LLC and have been administered as such in the SDNY Case. No matter which entity(ies) utilize the trade, the Leases may be property of only one estate. *See In re Shankman*, 382 B.R. 591, 595 (Bankr. E.D.N.Y. 2008)(dismissing a Chapter 13 case "In other words, an asset cannot be property of the estate in two bankruptcy cases at the same time."); *Sec. Pac. Nat. Tr. Co. (New York) v. Dusevic*, 178 Misc. 2d 874, 876, 682 N.Y.S.2d 524, 526 (Sup. Ct. 1998)("the property cannot become part of any new estate while it is in the current estate"); *In re Albert*, No. 10-CV-2835 SJF, 2011 WL 1594953, at *4 (E.D.N.Y. Apr. 26, 2011)(upholding dismissal of a Chapter 7 case filed to forestall a foreclosure sale). If there is a determination as to which estate the Leases belong, it lies with the court of original jurisdiction, in this case, the SDNY Case pending before Judge Wiles. *In re Olympia Off. LLC*, 585 B.R. 661, 669 (E.D.N.Y. 2018)(vacating the stay in a case filed by the purchaser of property allegedly sold in violation of the seller's plan to allow the court that confirmed the plan to decide which estate controlled). There is no justification or unusual circumstances that compel a different result. The Debtor's principal

**ROSENBERG & ESTIS, P.C.**
ATTORNEYS AT LAW

Hon. Elizabeth S. Stong
U.S. Bankruptcy Court, EDNY
August 21, 2025
Page 4

does not have the option of hiding behind his own chicanery and multiplying proceedings to harm creditors.

The Debtor further reveals its bad faith in the 8.18 Filings. As Debtor's proposed counsel is undoubtedly aware, the Debtor is not legally entitled to the relief sought in the Application and the OSC. The Bankruptcy Code: (a) precludes damages in this situation; (b) prevents the automatic stay from applying to the 833 Lease and Fulton Lease; (c) excludes those Leases from becoming property of the estate; and (d) exempts those Leases from assumption or assignment. Even if all the Leases were property of this Debtor's estate, the Leases have been deemed rejected by operation of law under the Bankruptcy Code and therefore may not be assumed. That the Application and OSC request relief to which the Debtor is not entitled and would be utterly pointless even if granted is further evidence of the Debtor's bad faith and that of its counsel.

The Debtor and its unretained counsel blithely ignore the Bankruptcy Code by requesting compensatory and punitive damages on behalf of a corporate debtor. Under 11 U.S.C. §362(k) damages for a willful violation of the automatic stay are only available in *individual cases*. 11 U.S.C. § 362(k)(1). As this Court pointed out in a case relied on by the Debtor in the Application, one of the factors the Court must find to award damages is that the Debtor is an *individual*. *In re Laskaratos*, 605 B.R. 282, 299 (2019)(citations omitted). The cases cited in the Application are inapposite. This frivolous request for damages evidences the bad faith of the 8.18 Filings, the Debtor, and his counsel.

Because they were terminated through a widely recognized conditional limitation prior to the petition date, the automatic stay did not apply to stop an eviction of Empire Cannabis from the 833 Lease and Fulton Lease. Under 11 U.S.C. §362(b)(10), "*any act by a lessor to the debtor under a lease of nonresidential real property that has terminated by the expiration of the stated term of the lease before the commencement of or during a case under this title to obtain possession of such property*." It is well settled that termination through use of a conditional limitation is a termination by the expiration of the stated term of a lease. *In re Neville*, 118 B.R. 14, 15-18 (Bankr. E.D.N.Y. 1990); *In re Policy Realty Corp*., 242 BR 121, 127-128 (S.D.N.Y. 1999); *In re Portofindough LLC*, 655 BR 694, 700 (Bankr. S.D.N.Y. 2023) (citing *In re St. Casimir Dev. Corp.*, 358 B.R. 24, 38 (S.D.N.Y. 2007).)

Moreover, prepetition termination of the 833 Lease and Fulton Lease prevents them from becoming property of the estate and assumption or assignment. The Bankruptcy Code specifically states that "*any interest of the debtor as a lessee under a lease of nonresidential real property that has terminated at the expiration of the stated term of such lease before the commencement of the case under this title*" is not property of the estate. 11 U.S.C. §541(b)(2). The Code also specifically precludes the assumption or assignment of a lease "*of nonresidential real property and has been terminated under applicable nonbankruptcy law prior to the order for relief.*" 11 U.S.C. §365(c)(3).

Finally, the statutory deadline to assume or assign the Leases expired on August 5, 2025. 11 U.S.C. §365(d)(4)(A)(i). The Debtor failed to move to extend the deadline as required to obtain a ninety (90) day extension. 11 U.S.C. §365(d)(4)(A)(ii). In the event that the Court found the Leases to be property of this Debtor's estate, they would be deemed rejected. 11 U.S.C. §365(d)(4)(A).

As stated previously, this entire case is nothing more than an attempted "end run" around adverse orders issued by Bankruptcy Court for the Southern District of New York and the Civil Court of New York County and Kings County. The 8.18 Filings only deepen the Debtors' bad faith. This case was filed in April. To date, the Debtor has not filed *any* documents required under 11 U.S.C. §521 or taken any other seps to prosecute the case. At three (3) prior hearings, the Court admonished the Debtor, reminding him to engage counsel and get the case on track. After months, the Debtor had counsel appear the week of a hearing without a formal retention application. Instead of filing any documents to bring this case into compliance with the Bankruptcy Code, the Federal Rules, and the Local Rules—counsel filed a baseless application demanding relief to which the Debtor is not entitled and would be pointless even if granted.

Taken together, the facts above make it clear that the Debtor has no interest in being a debtor other than to improperly invoke the Bankruptcy Code to inflict economic pain on the Landlords. The Debtor artificially seeks the benefit of bankruptcy protection, without bothering to undertake any of the burdens of being a debtor. The Debtor does nothing to prosecute the case and ignores important statutory deadlines. Its principal conveniently "realizes" facts at strategic points in time that are irrelevant but still files unqualified missives that require the Landlords to incur even more costs in response. Then, it has counsel of undisclosed qualification file motions seeking relief with no basis in fact or in law and that could have no practical benefit to the estate. The Landlords respectfully assert that, as a result, there is no way to interpret the actions of this Debtor and Mr. Elfand other than as being in extremely bad faith.

Respectfully submitted,

*Andrew R. Gottesman*

Andrew R. Gottesman

cc via email:

ROSENBERG & ESTIS, P.C.
ATTORNEYS AT LAW

Hon. Elizabeth S. Stong
U.S. Bankruptcy Court, EDNY
August 21, 2025
Page 6

Hon. Michael E. Wiles,
U.S. Bankruptcy Judge, SDNY
wiles.chambers@nysb.uscourts.gov

John Kim
john@jcklaw.com

Greg Zipes, Trial Attorney, US Trustee
greg.zipes@usdoj.gov

Jonathan Elfand
jelfand@hotmail.com

Robert M. Marx
robertmarx@rmmarxlaw.com